## COMMONWEALTH *vs.* PETER BURKE.

An indictment for stealing a wallet and certain bank bills from the person may be sustained without the introduction of testimony to prove that those articles were of any value.

INDICTMENT for stealing one wallet, of the value of one dollar, and certain bank bills, from the person of William S. Roads.

At the trial in the superior court, before *Russell*, J., the taking of the property, the asportation and the ownership, were proved directly. The wallet and bank bills were produced, identified and put into the case; but nothing was said as to the value of either of them. The defendant requested the court to direct an acquittal; but the judge refused to do this, and ruled that the wallet was evidence to go to the jury, without more, and if they on inspection found it to be of no value they must acquit; that it was not necessary to prove that the bills were current bank bills; and if they were of any value as paper, and were stolen by the defendant as alleged, this would warrant a conviction,

and this fact was to be submitted to the jury to find on inspection.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. Sennott*, for the defendant.

*Reed*, A. G., cited Gen. Sts. *c.* 161, § 17; *Commonwealth* v. *Riggs*, 14 Gray, 376; *Commonwealth* v. *McKenney*, 9 Gray, 114; *Commonwealth* v. *Stebbins*, 8 Gray, 492; *Commonwealth* v. *Nolan*, 5 Cush. 288; *Commonwealth* v. *McDonald*, Ib. 367; *Regina* v. *Morris*, 9 C. & P. 349.

BIGELOW, C. J. The precise value of the property alleged to have been stolen in this case was immaterial, and need not be proved or found by the jury. The punishment of the offence charged on the prisoner — larceny from the person — and of which he was found guilty, did not depend on the value of the articles taken. The inspection of these articles by the jury, for the purpose of ascertaining that they were of some value, was competent; and if by such inspection they were satisfied that the articles were of value, they were authorized so to find.

*Exceptions overruled.*